## JOHN C. HARVEY vs. PHILIP EDINGTON et ux.

The levy on the property as to the wife, is void, and therefore the statute of limitations is no bar to divest the wife of her cause of action.

The act of the legislature of 1839 vests the legal title of the slave in the wife, but the use in the husband.   Held, that distinct and separate causes of action cannot be recovered in the same action.

This suit was brought to recover the title of the wife in a slave, and to that

extent it can be maintained; but *held,* that the purchaser has a claim to the hire of the slave superior to that of the husband.

The judgment is erroneous in blending the hire and value of the slave, and in being exclusively for damages.

IN error from the circuit court of Octibbeha county; Hon. John Watts, judge.

Philip Edington and wife, in the circuit court, instituted an action of detinue against Harvey, for the recovery of a negro. The defendant pleaded the general issue, "*non detinet,*" and "statute of limitations," upon which issue was joined; and a trial and verdict for the plaintiff at the June Term, 1851.

The record shows the verdict and judgment rendered was for damages, and not in the alternative, as the statute requires; nor was there proof of the value of the property at the commencement of the suit. The bill of exceptions discloses the facts, that the negro in controversy was seized by the sheriff of Octibbeha county, by virtue of an execution issued from the clerk's office of circuit court of Octibbeha, on a judgment in favor of James Bell & Co. against Edington and wife. The sheriff levied the execution on the negro more than three years previous to the institution of the action of detinue. Before the sale, another execution issued, and came to the sheriff's hand, in favor of one Chandler against Edington and wife. The negro was sold on 6th of January, 1845, by the sheriff, under these executions, to Haine, for $600; and the execution in favor of Bell returned satisfied. Neither of the present defendants in error, so far as the record shows, forbade the sale;, but on the contrary, the husband, Philip Edington, directed the application of the balance of the purchase-money, after satisfying the Bell execution. See sheriff's return on execution. The evidence further discloses the fact, that Edington not only acquiesced, but consented to the sale of the negro.

The negro is claimed by the suit in detinue as the property of Mrs. Edington, under the woman's law of 1839, she having married since the passage of this act.

The judgment in favor of Bell & Co. was, at the time of the sale, in full force and unreversed.

*Cruso,* for appellant.

The judgment was in full force at the time of the sale, and has never been reversed; the court rendering the judgment is presumed to have acted correctly, unless the contrary is shown. There is no proof but that, before that judgment was rendered, proof was made to have brought it within the act; her coverture was not pleaded. And even admitting there was an irregularity apparent of record in the proceedings, so long as that judgment remained unreversed, as to a purchaser while execution on it, it was valid and binding, though voidable by writ of error.   8 Bacon, Ab. Void C. 170; 4 Munf. 380; 3 Peters, 202; Ib. 207; *Ewing* v. *Miller*, 8 S. & M. 421; *Bosbyshell* v. *Emanuel*, 12 Ib. 63.

Purchaser is only required to look to judgment and execution.   10 S. & M. 246; 4 Wheat. 503.   In the case in 10 S. & M. cited, the court say, that all the cases decided in this court, from *Campbell* v. *Brown*, 6 How. 106, down to *Laughman* v. *Thompson*, 6 S. & M. 259, were decided on the ground of a want of jurisdiction in the court, because the record did not show the requisite citations to the parties interested.   The decisions referred to had pronounced decrees of probate courts, nullities; there is a material distinction between the courts, the jurisdiction of one being limited.   In the case of *Borden* v. *State of Arkansas*, 6 Ark. R.     , this point is determined.

But the court below certainly erred in refusing the charges as asked.   The statute of limitations has no saving clause in favor of married women, (Hutch. Code, 830, § 4,) and the court can make none, (1 S. & M. 112.)   When did the statute commence running?   As soon as there was a right of action. When did the right of action occur?   When the negro was seized by the sheriff.   *Johnson* v. *White*, 13 S. & M. 584; 3 Johnson, 523.   The charge asked by the plaintiff was evidently an attempt to evade the rule laid down in 13 S. & M.

If the judgment in favor of Bell was a nullity, and not merely voidable, then all those concerned in enforcing it were trespassers, and the statute of limitations commenced running from the levy under the execution.   *Buckingham* v. *Bailey*, 4 S. & M. 538; 5 Yerger, 285, 318; 15 Johns. 155.

Harvey *v.* Edington et ux.

If the property in whole or in part has been applied to the payment of plaintiff's debt, or otherwise to his use, this may be considered by the jury as diminishing the injury, and consequently damage.  2 Greenl. Evid. 230, § 276; 14 Pick. 356, 361.  The act of 1839 gave the husband the profits, and secured to the wife the specific property alone; the profits belonged to the husband, and were subject to creditors.  2 S. & M. 165, 567; 4 Ib. 193.

Where there is a sale under several executions, and either binds the property, the sale is good.   10 S. & M. 514.

Again, the act of 1839, under which suit was brought, requires suit to be brought in joint names.   This provision presupposes that the husband is not estopped by his acts.   The law of estoppel applies; what would amount to an estoppel if he were sole, would apply when a co-plaintiff with his wife. Clancy on Married Women, 169, 172, 179 ;  Hutch. Code, 615, § 6; 1 Chitty on Plead. tit. Parties; 1 Saund. on Plead. & Evid. 46, 52, 53.

*C. F. Miller*, on the same side.

*J. F. Harrison*, for appellees.

The statute does not bar the action.

1st.  Because the suit is brought to recover the separate property of the wife under the statute of 1839, and the statute of limitations could not divest the title to the property out of the wife, for the reason, that during her coverture it did not run against her.   The statute is no answer to her suit.   *Curll v. Compton*, 14 S. & M. 59 ;  *White v. Johnson*, 1 Cushm. 68.

2d.  Because the form of action is detinue; and, even if trespass and trover would have been barred against Harris, (which I do not admit,) yet the party may waive the tortious taking, and maintain detinue.   *Owings v. Frier*, 2 A. K. Marsh. 268.

Detinue lies in every case where the property is detained, and no regard is had to the manner in which the defendant acquired possession.   *Johnston & wife v. Tastern*, Conf. R. 464; 1 Iredell's Dig. 192, § 6.

The gist of the action is the wrongful detainer, and not the

original taking.   *Melton* v. *McDonald, Admin.,* 2 Mis. R. 45;
1 Saund. Plead. & Evid. 433; 4 Dev. & Bat. 468.

The plaintiff can recover damages only for the detention,
and not for the tort in taking.   The declaration should not,
therefore, allege a tortional taking.   *Marshall's Adm.* v. *Israel,*
3 Bibb, 512; *Price* v. *Israel,* Ib. 516.

So detinue cannot be maintained after the death or destruc-
tion of the chattel sued for.   *Lindsey* v. *Terry,* 1 Ala. R. 203.

And a recovery in trespass is not a bar in detinue, unless
damages were given for the property itself.   *Balch* v. *Holloman,*
2 Hayw. R. 328.

Counting from the day of the date, and some short time
before, of Harris's purchase, and the first moment of his pos-
session and detention of the property, and the action is not
barred.

In an action of detinue, the object is to recover the specific
chattel; the damages given are for the detention.

And a judgment in detinue against one, is no bar to a suit
against the vendee of the defendant, if there be no satisfaction
of the first judgment.   *Sharp* v. *Gray,* 5 B. Mon. 5.

The judgment in detinue, without satisfaction, does not,
*ipso facto,* change the property in the thing sued for.   Ib. 7.

In trover it is different.

And even in the action of trover, if the trover be before the
time limited by the statute, (the three years,) and a conversion
after, the statute cannot be pleaded.   Angell on Limitations,
298.

But where the goods are tortiously taken by the defendant,
the statute will run in an action of trover from the taking, for
that, in such a case, is the conversion.   Ib. 298.

Such was the case in *Read* v. *Markle,* 3 Johns. R. 523.   In
that case the execution was not only void, but the sale was
made at the order and for the benefit of the defendant.   In
such case the defendant and the sheriff became joint trespas-
sers, and the conversion took place at the time of the seizure of
the property.   The defendant in the court below, in the present
suit, had nothing to do with the original trover and conversion.
He was a stranger to the proceedings up to the time of his

purchase, and no cause of action accrued against him before that time. So that even an action of trover would not have been barred. 2 Greenl. Evid. 532.

The statute of 1839, in favor of the rights of married women, was designed to save the specific property to the wife. It takes away the power of subjecting her property to her contracts, except in the particular mode pointed out in the statute. The act would be defeated in many instances by holding that her contracts by bonds and notes amounted to a charge. And to hold that the property cannot be alienated directly in any other mode than that pointed out in the statute, yet that it may be charged with debts contracted during the coverture, subjected to execution, and sold indirectly, would be to let in all the mischiefs against which the statute seems directed. *Berry* v. *Bland,* 7 S. & M. 83, 84; *Frost, &c.* v. *Doyle & wife,* Ib. 75; *Davis & wife* v. *Foy,* Ib. 64; *Curll* v. *Compton,* 14 Ib. 56.

It was settled at common law, that the act of a married woman was void, and the act of 1839 does not extend her power of contracting, or of binding herself or her property. And a judgment cannot be rendered under the act of 1839, or at common law, in a court of law, against a married woman on a promissory note made by her husband and herself. *Davis & wife* v. *Foy,* 7 S. & M. 64; *Frost, &c.* v. *Doyle & wife,* Ib. 68; *Berry* v. *Bland,* Ib. 83.

All the papers in the case, and the judgment and execution under which Harvey purchased, show upon their face that the suit was against a married woman upon the note of her husband upon which she joined. The judgment showed upon the record that it could not be obtained, and that the contract of the wife was void. The sale of her separate property under such a judgment conveyed no title. The title could not be divested in that way. And in an action of detinue it is the legal title alone that is in controversy. *Hundley* v. *Buckner,* 6 S. & M. 70.

If the plaintiff in the execution wished to subject the hire or profits of the property to the debt of the husband, he ought

to have proceeded in a different tribunal. *Mitchell* v. *Otey &amp; wife*, (Nov. Term) 1851, Opinion Book, 81, 1 Cushm. 236.

All that has been urged about attacking the judgment collaterally has no application: 1st. Because the judgment is void as to the wife; 2d. Because if only voidable, the judgment against her as a married woman would not bind her separate property; and, 3d. Because under the act of 1839 her separate estate could not be sold under execution against her upon a regular, valid, and binding judgment, for the reason that the property ·can be disposed of only in the way pointed out in the statute. *Berry* v. *Bland*, 7 S. &amp; M. 84.

The objection made as to the proof of the value of the property is not supported by the facts, supposing it well taken in law, which it is not.

The sheriff's sale itself proved the value of the property on the very day of purchase. The sheriff, and the witness Chandler, were explicit upon that point, as well as also as to the value of the labor or hire.

It is true that the clerk, or court, committed a clerical error in entering up the judgment. The verdict of the jury was full and complete, finding the issues in favor of the plaintiff, and ·assessing the value. But the judgment of the court does not ·pursue the verdict, and is not in the alternative. This court will not disturb the verdict in such a case, but will correct the ·erroneous judgment. *Thomas* v. *Estes*, 2 S. &amp; M. 439; Hutch. &amp; How. Dig. 654, § 79.

Mr. Justice FISHER delivered the opinion of the court.

The defendants in error brought an action of detinue in the ·circuit court of Octibbeha county, to recover a certain slave in the possession of the plaintiff in error, and which slave is claimed by the wife of defendant in error as her separate property, under the statute of 1839.

It appears by the testimony, that the sheriff of said county, having certain executions against the defendants in error, emanating upon judgments founded on promissory notes executed by the husband and wife during the coverture, levied the same

upon the slave in question, and sold him at public sale on the 6th of January, 1845, and that he was purchased by the plaintiff in error.

The proof in the record clearly establishes the wife's title to the slave, which was not defeated by the sale of the sheriff.

The defence of the statute of limitations set up to bar the action, has in similar questions been adjudicated by this court, and decided against the defendant below. It is now a settled question. But it could not avail, for another reason, in this action. The levy as to the wife was void, and could not, therefore, operate to divest the title of the wife.

In the present action, we are of opinion, that no hire could be recovered. The act of 1839 vests the legal title in the wife, but the use in the husband. She, therefore, has the title to the slave and the husband the title to the hire. Distinct and separate rights of the husband and wife cannot be recovered in the same action; but in this instance it was brought to recover the title of the wife; to this extent it can only be maintained.

Besides, we are of opinion that the purchaser has a claim to the hire superior to that of the husband.

The judgment is erroneous in blending the hire and value of the slave, and in being exclusively for damages, instead of for the property, if to be had, and if not, then for the value.

Judgment reversed, new trial granted, cause remanded.